Chief Justice Robertson,
delivered the opinion of the Court
Judge Nicholas did not sit.
John Pope sold to Jesse Noland, by an executory agreement in writing a tract of land, wnich hud heen devised to Mrs. Pope by her first husband Matthew Walton, and covenanted to convey the title of himself and wife; Noland paid a part of the consideration, and Bentlv, as assignee of Popp, having obtained a judgment for the residue, this hill in chancery was filed bv Noland for an injunction, and for a rescission of the contract, and. for general relief. The bill charges fraud — inability to convev the Ipgal title, and a defect in the stipulated quantity of land, and requires an exhibition of title. The answers denied all the material allegations of the bill, and tendered a conveyance bv Pope and wife, which No land eventually accepted. But after the acceptance he insisted on a rescission of the contract, or, for a relief for an alleged deficit in the quantity.
The circuit court dismissed the hill at Noland’s cost, and dissolved the injunction with ten pr. cent, damages.
The decree dismissing the hill, was proper. Thpre was no pretext, for a rescission of the contract. There is is no nroof of anv deficit, nor of fraud, nor of anv deficit in the title, which antwars to be regular and comnlete; and therefore. Noland had no right to anv relief on the final hearing, even if he had pot accented a deed.
Bill for exhibition 01 litio, utle sh.-wn not in the party to sine, but his tviio, title a - copie ., coinphiinuot o :lj liable to i-osIr auccnu, g ,i(tance ofTlle Title.
Qiesley for plaintiff; Turner for defendants.
But we are of opinion, that, as the title was iff Pope’s wife who was no party to the contract, No-land had a right to an injunction, when he tiled his bill for otherwise, if he had paid the amount of the j idgment, he may, po-isihly, have been unable to enforce a specific execution of the contract. And consequently, the circuit court erred in awarding damages on the dissolution; and we are also ot opinion, that Noland ought not to pay all the costs which had accrued prior to the acceptance of the deed.But should only pay to the defendants costs which accrued since that time.
Wherefore, the decree dismissing the hill and dissolving the injunction, is affirmed; but the decree for damages and co. t-, is reversed, and tiie cause remanded, that ¡i decree may be entered for costs-agreeably to this opinion.
Noland must have a judgment for his costs in this court.